# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOHN M. CAMERON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-09-300-FHS-SPS |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of the Social | ) |
| Security Administration, | ) |
| | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

The claimant John M. Cameron requests judicial review of a denial of benefits by the Commissioner of the Social Security Administration pursuant to 42 U.S.C. § 405(g). The claimant appeals the Commissioner's decision and asserts that the Administrative Law Judge ("ALJ") erred in determining he was not disabled. As discussed below, the undersigned Magistrate Judge RECOMMENDS that the Commissioner's decision be REVERSED and the case REMANDED to the ALJ for further proceedings.

## Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" *Id.* § 423 (d)(2)(A). Social security regulations

implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Section 405(g) limits the scope of judicial review of the Commissioner's decision to two inquiries: whether the decision was supported by substantial evidence and whether correct legal standards were applied. *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). *See also Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). The Court may not reweigh the evidence or substitute its discretion for the Commissioner's. *See Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). But the Court must review the record as a whole, and "[t]he substantiality of the evidence must take into account whatever in the record fairly detracts

---

[1] Step one requires the claimant to establish that she is not engaged in substantial gainful activity. Step two requires the claimant to establish that she has a medically severe impairment (or combination of impairments) that significantly limits her ability to do basic work activities. If the claimant *is* engaged in substantial gainful activity, or her impairment *is not* medically severe, disability benefits are denied. If she *does* have a medically severe impairment, it is measured at step three against the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. If the claimant has a listed (or "medically equivalent") impairment, she is regarded as disabled and awarded benefits without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must show that she lacks the residual functional capacity (RFC) to return to her past relevant work. At step five, the burden shifts to the Commissioner to show there is significant work in the national economy that the claimant *can* perform, given her age, education, work experience and RFC. Disability benefits are denied if the claimant can return to any of her past relevant work or if her RFC does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

## Claimant's Background

The claimant was born on August 29, 1949, and was fifty-nine years old at the time of the administrative hearing. He has a high school education and has worked as a line maintenance man for a telephone company (Tr. 118). The claimant alleges inability to work since September 1, 2003 due to post-traumatic stress disorder ("PTSD") and diabetes (Tr. 117).

## Procedural History

On May 11, 2006, the claimant applied for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434, and for supplemental security income payments under Title XVI of the Social Security Act. Both applications were denied. ALJ Michael Kirkpatrick conducted an administrative hearing and found that the claimant was not disabled in a written opinion dated December 19, 2008. The Appeals Council denied review, so the ALJ's written opinion is the Commissioner's final decision for purposes of this appeal. *See* 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He found that the claimant had mental impairments only and retained the residual functional capacity ("RFC") to perform simple, routine tasks (but not detailed or complex tasks) which do not require interaction with the general public. The ALJ concluded that the claimant was

not disabled because there were jobs he could perform existing in significant numbers in the national economy, *e. g.*, assembler, dishwasher and production worker (Tr. 21).

**Review**

The claimant contends the ALJ failed to properly analyze his medical evidence, *inter alia*: (i) by substituting his own judgment for that of the claimant's mental health provider; (ii) by failing to re-contact the claimant's treating physician for clarification regarding treatment; and, (iii) by failing to give proper weight to the opinions of the treating physician. The undersigned Magistrate Judge finds that the ALJ failed to properly analyze the claimant's medical evidence, and that the Commissioner's decision should therefore be reversed.

Medical opinions from the claimant's treating physician are entitled to controlling weight if "well-supported by medically acceptable clinical and laboratory diagnostic techniques . . . [and] consistent with other substantial evidence in the record." *Langley v. Barnhart,* 373 F.3d 1116, 1119 (10th Cir. 2004), *quoting Watkins v. Barnhart,* 350 F.3d 1297, 1300 (10th Cir. 2003). When not entitled to controlling weight, the opinions of the claimant's treating physician must be evaluated for proper weight under the factors set forth in 20 C.F.R. § 404.1527. *Id.* at 1119 ("Even if a treating physician's opinion is not entitled to controlling weight, "[t]reating source medical opinions are still entitled to deference and must be weighed using *all of the factors* provided in § [404.1527]."), *quoting Watkins,* 350 F.3d at 1300 [emphasis added]. Those factors are: (i) the length of the treatment relationship and the frequency of examination; (ii) the nature and extent of

the treatment relationship, including the treatment provided and the kind of examination or testing performed; (iii) the degree to which the physician's opinion is supported by relevant evidence; (iv) consistency between the opinion and the record as a whole; (v) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (vi) any other factors that tend to support or contradict the opinion. *Watkins,* 350 F.3d at 1300-01, *citing Drapeau v. Massanari,* 255 F.3d 1211, 1213 (10th Cir. 2001). In order to reject the opinions of the claimant's treating physician entirely, the ALJ must "give specific, legitimate reasons for doing so." *Id.* at 1301. It must be "clear to any subsequent reviewers the weight the ALJ gave to the treating source's medical opinion and the reasons for that weight." *Id.* at 1300.

The claimant began seeing Dr. Roy T. Maxwell for psychotherapy in July 2004 (Tr. 211-15). Dr. Maxwell initially determined that the claimant met all of the diagnostic criteria for PTSD, related his diagnosis to the claimant's military service in Vietnam and noted that the claimant had "significant impairment in social, occupational, family, judgment and mood" (Tr. 214). Dr. Maxwell also discussed the claimant's symptoms, including "panic attacks more than once a week[,]" "impaired judgment" and "difficulty in establishing and maintaining effective work and social relationships" (Tr. 214). In July 2005, Dr. Maxwell noted worsening symptoms, including "suicidal ideation[,]" "near-continuous panic or depression affecting the ability to function independently, appropriately, and effectively[,]" and "impaired impulse control[,]" *i. e.*, "unprovoked irritability with periods of violence" (Tr. 197). On May 1, 2006, Dr. Maxwell noted

increased severity in the claimant's symptoms and assessed him with a GAF of 35 (down from 55 in July 2004). He noted that the claimant's prognosis was poor and opined that "[t]here is no reasonable probability that this individual will ever improve to the point that he will be employable again" (Tr. 176).

The ALJ dismissed Dr. Maxwell's opinions about the severity of the claimant's symptoms, noting that the claimant had no complaints during routine appointments with his primary care physicians at the Veterans Administration (Tr. 19). But these visits were routine checkups and did not focus on the claimant's PTSD, which was being treated by Dr. Maxwell (Tr. 304). Furthermore, despite mentioning more than once that the claimant's screening for PTSD was negative on these occasions (Tr. 19), the ALJ neglected to mention that the VA had previously diagnosed the claimant with PTSD and found him to be 50% disabled (Tr. 104). It is unclear whether the ALJ considered this finding. *See, e. g., Baca v. Department of Health & Human Services*, 5 F.3d 476, 480 (10th Cir. 1993) ("Although findings by other agencies are not binding on the Secretary, they are entitled to weight and must be considered."), *quoting Fowler v. Califano*, 596 F.2d 600, 603 (3d Cir. 1979), *see also Grogan v. Barnhart*, 399 F.3d 1257, 1262-63 (10th Cir. 2005) (noting that another agency's disability determination is not binding, but "it is evidence that the ALJ must consider and explain why he did not find it persuasive.").

Assuming *arguendo* that inconsistency between Dr. Maxwell's findings and those of the VA *would* justify the ALJ's refusal to give Dr. Maxwell's opinions controlling weight, the ALJ was nevertheless required to determine the proper weight to give those

opinions by applying all of the factors in 20 C.F.R. § 404.1527 and 20 C.F.R. § 416.927. *See, e. g., Langley,* 373 F.3d at 1119 ("Even if a treating physician's opinion is not entitled to controlling weight, [t]reating source medical opinions are still entitled to deference and must be weighed using *all of the factors* provided in § 404.1527."), *quoting Watkins,* 350 F.3d at 1300 [emphasis added]. Other than noting that "[i]f the claimant's symptoms were as severe as Dr. Maxwell indicated it would only be reasonable to . . . refer the claimant for more in depth treatment such as medication or possibly even inpatient therapy" (Tr. 18), the ALJ failed to perform this analysis. And although the ALJ did indicate that he was giving Dr. Maxwell's opinion that "the claimant would be unable to engage in any type of substantial gainful activity . . . very little weight[,]" (Tr. 19), he did not otherwise specify the weight he was assigning to any of the other medical opinions in the case. *See Hamlin,* 365 F.3d at 1215 ("An ALJ must evaluate *every medical opinion* in the record, although the weight given each opinion will vary according to the relationship between the disability claimant and the medical professional."), *citing Goatcher v. Department of Health & Human Services,* 52 F.3d 288, 290 (10th Cir. 1995) [emphasis added]. *See also Miller v. Barnhart,* 43 Fed. Appx. 200, 204 (10th Cir. 2002) ("An ALJ is required to evaluate all evidence in the case record that may have a bearing on the determination or decision of disability, including opinions from medical sources about issues reserved to the Commissioner."), *quoting* Soc. Sec. Rul. 96-5p.

Because the ALJ failed to properly evaluate the medical opinions in the case as discussed above, the undersigned Magistrate Judge concludes that the decision of the Commissioner should be reversed and the case remanded for analysis by the ALJ. If such analysis results in any modification of the claimant's RFC, the ALJ should re-determine what work, if any, the claimant can perform and ultimately whether he is disabled.

**Conclusion**

In summary, the undersigned Magistrate Judge PROPOSES a finding that correct legal standards were not applied and the decision of the Commissioner is therefore not supported by substantial evidence, and accordingly RECOMMENDS that the decision of the Commissioner be REVERSED and the case REMANDED to the ALJ for further proceedings consistent herewith. Any objections to this Report and Recommendation must be filed within fourteen days. *See* Fed. R. Civ. P. 72(b)(2).

**DATED** this 15th day of September, 2010.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**